IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRUCE REED,
      Plaintiff,

vs.                                                    Case No. 5:04cv422/LAC/EMT

CAPTAIN JAMES BARNES, et al.,
      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiff's fourth[1] amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 23).  Leave to proceed in forma pauperis has been granted (*see* Doc. 13).

      Plaintiff names four Defendants in this action, Captain James Barnes, jail administrator at the Washington County Jail (WCJ); and Samantha Carter, Joshua Skipper and Steven Lasiter, corrections officers at WCJ (Doc. 23 at 1).[2]  Plaintiff claims Defendants violated his rights by discriminating against him on the basis of his race, interfering with his right to file a grievance, and retaliating against him for filing the instant complaint (Doc. 23 at 8).  Plaintiff seeks monetary damages and a "temporary injunction against defendants from further harm" (*id.*).

      Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied

---

[1]Plaintiff has been ordered on three occasions to use the court-approved complaint form and to fully complete the form (*see* Docs. 4, 14, 20).  Plaintiff's fourth amended complaint <u>again</u> fails to comply this court's previous orders to amend (*see e.g.* Doc. 23 at 3, where Plaintiff fails to answer any questions concerning exhaustion of administrative remedies); however, because Plaintiff's complaint is subject to dismissal, this Court concludes it would be a waste of judicial resources to again direct Plaintiff to file an amended complaint.

[2]Although Plaintiff names these four Defendants on page one of his complaint, he fails to include Steven Lasiter on the listing of Defendants on page two of his complaint.

that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A.  § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id. at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff alleges the following facts in support of his claims.  On November 18, 2004, Defendant Carter reprimanded a white inmate who was wearing his trousers "down a ways from the waist line" (Doc. 23 at 7).  Carter used her hands to pull up the white inmate's trousers and instructed him to pull them up because he looked like "one of them," pointing to a group of black inmates.  After reprimanding the white inmate, Carter stated she was going to use the word "nigger."  Subsequently, Plaintiff was "given a hard time" for attempting to file a grievance concerning Officer Carter's conduct.  Plaintiff specifically states he was advised he had no right to file a grievance against Carter, therefore he wrote a letter to Defendant Barnes, and asked that Barnes send a copy of his complaint to the Federal District Court in Panama City.  Plaintiff alleges Barnes then filed "additional charges" against Plaintiff for exercising his right to file a complaint (id.).

Although not articulated by Plaintiff, his racial discrimination claim arises under the equal protection clause of the Fourteenth Amendment, however Plaintiff has failed to state a constitutional equal protection claim.  It is well established that equal protection "does not require that all persons be treated identically."  Hendking v. Smith, 781 F.2d 850, 851 (11th Cir. 1986) (citing Stanton v.

Stanton, 421 U.S. 7, 14, 95 S.Ct. 1373, 1377, 43 L.Ed.2d 688 (1975)).  The Equal Protection Clause merely requires that "similarly situated persons be treated equally."  Duncan v. Moore, 754 So.2d 708, 712 (Fla. 2000) (citing City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (the Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike.")).  Plaintiff must allege that defendants acted with the intent to discriminate against him in order to sustain such a claim.  See McClesky v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987); Mencer v. Hammonds, 134 F.3d 1066, 1070 (11th Cir. 1998).  Plaintiff must also establish that he was among a group of similarly situated persons that unreasonably or arbitrarily suffered different treatment by defendants.  See Nordlinger v. Hahn, 505 U.S. 1, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992); Hendking, 781 F.2d at 851.  Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient.  GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

       In the instant complaint, Plaintiff does not allege that he was among the group of black males to which Officer Carter pointed, nor that the threatened use of a racial slur was directed at him. Furthermore, he does not allege that he was treated differently by Defendants because of his race; on the contrary, he suggests that the white inmate suffered disparate treatment because of *his* race. However, even if Plaintiff established that the threat was directed at him, threats alone from a corrections officer are not cognizable as a violation of a constitutional right under section 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (civil rights are not violated by the use of vulgar language); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (threatening language does not amount to a constitutional violation); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment or abuse (i.e., laughing and threatening to hang plaintiff) is not sufficient to state a constitutional deprivation under §1983).  That an officer's threatening remarks may have caused an inmate to be afraid does not infringe upon a constitutional right.  See Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989).  Equally, racial slurs do not rise to the level of a constitutional claim.  See Ivey v. Williams, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam).  In short, "[t]he Constitution does not protect against all intrusions on one's peace of mind."  Pittsley v. Warish, 927

F.2d 3, 7 (1st Cir. 1990).    Consequently, Plaintiff's allegations are insufficient to state a constitutional claim against Defendant Carter.

Plaintiff next alleges interference with his ability to file a grievance and retaliation for filing the instant complaint. These claims arise under the First Amendment, but Plaintiff has again failed to state a constitutional claim.  Plaintiff states he was told he could not file a grievance against Defendant Carter, although he does not identify the person who made this statement.  Additionally, Plaintiff admits he was able to write a letter to Defendant Barnes concerning Carter's conduct, and did so (*see* Doc. 23 at 7).  Thus, Plaintiff was not denied his right to file a grievance.

To the extent Plaintiff alleges denial or interference with his ability to access the courts, that claim should also be dismissed.  Interference with an inmate's access to the courts is a violation of a constitutional right actionable under section 1983.  Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491,52 L.Ed.2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  However, Plaintiff was able to file the instant action within thirty days of the incident,[3] and he is presently pursuing the claim in this Court. Thus, he has failed to state a claim for denial of court access.

Plaintiff claims that Defendant Barnes retaliated against him for filing the instant complaint by filing "additional charges."  It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of First Amendment rights.  *See* Farrow v. West, 320 F.3d 1235, 1248 (11th Cir.2003); Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997);Wright v. Newsome, 795 F.2d 964 968 (11th Cir.1986); Adams v. James, 784 F.2d 1077, 1080 (11th Cir.1986).  In the prison setting "[t]he state may not burden [First Amendment rights] with practices that are not reasonably related to legitimate penological objectives ... nor act with the intent of chilling that First Amendment right." Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir.1995) (citing Turner v. Safley, 482 U.S. 78, 85-89, 107 S.Ct. 2254, 2260-61, 96 L.Ed.2d 64 (1987), and Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir.1989)).  In general, a prisoner may establish retaliation by "demonstrating that the prison official's actions were 'the result of his having filed a grievance concerning the conditions of his imprisonment.'" Farrow, 320

---

[3]Plaintiff's complaint was filed with this Court on December 16, 2004 (*see* Doc. 1).

F.3d at 1248 (citing <u>Wildberger</u>, 869 F.2d at 1468).  The prisoner must, however, come forward with more than "general attacks" upon a defendant's motivations and must produce "affirmative evidence" of retaliation from which a jury could find that Plaintiff had carried his burden of proving the requisite motive.  <u>Crawford-El v. Britton</u>, 523 U.S. 574, 600, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 759 (1998) (citations omitted).  Indeed, while mindful that a plaintiff may not be held to a heightened burden of proof, *see* <u>Crawford-El</u>, 523 U.S. at 580-86, 118 S.Ct. 1584 (holding that in retaliation claim prisoner could not be required to show "clear and convincing" evidence of defendant's unconstitutional motives), courts should approach prisoner claims of retaliation "with skepticism and particular care" due to the "near inevitability" that prisoners will take exception with the decisions and actions of prison officials and "the ease with which claims of retaliation may be fabricated."  <u>Dawes v. Walker</u>, 239 F.3d 489, 491 (2nd Cir. 2001), *impliedly overruled in part on other grounds by* <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

In the instant case, Plaintiff's allegation concerning Barnes' filing of "additional charges" is factually unsupported.  Indeed, Plaintiff does not so much as identify the nature of the "additional charges," nor establish any causal connection between them and the filing of the instant complaint.  Thus, Plaintiff has failed to state a claim against Defendant Barnes.

Plaintiff has provided no factual support whatsoever for his claims against Defendants Skipper and Lasiter.  In fact, their names are mentioned nowhere in Plaintiff's complaint, other than where he lists them as Defendants.  Thus, Defendants Skipper and Lasiter are properly dismissed.

Finally, in addition to the foregoing reasons, Plaintiff's complaint should be dismissed for failure to exhaust.  Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996, provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   This exhaustion requirement applies to all inmate suits about any aspect of prison life, including cases in which the inmate seeks only monetary damages.  <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct.1819, 1825, 149 L.Ed.2d 958 (2001); <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  Thus, the court should dismiss a case if it determines that exhaustion has not been accomplished.  <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1325-26 (11th Cir. 1998); *see also* <u>Anderson v. Singletary</u>, 111

F.3d 801, 805 (11th Cir. 1997).  "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).  Florida regulations establish a three-step grievance process within state institutions that includes an informal grievance, formal grievance and appeal to the office of the Secretary of the Department of Corrections.  *See* Fla. Admin. Code rr. 33-103.005 to 103.007 (2003).  In the instant case, Plaintiff alleges only that he wrote a letter to Captain Barnes complaining of Carter's conduct.  He has attached no grievances to his complaint to demonstrate a further pursuit of administrative remedies and he failed to answer questions on the complaint form concerning exhaustion (*see* Doc. 23 at 3).  Thus, Plaintiff has failed to allege the requisite exhaustion of remedies as required.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this cause be **DISMISSED** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That the clerk be directed to close the file.

At Pensacola, Florida this 27th day of May, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**